*212 The opinion of the court was delivered by
Duncan, J.
The boundary between trespass m et armis and trespass on the case, is frequently a very narrow one. But all the authorities, both ancient and modern, agree in this, — that if the injurious act be the immediate result of the force applied by the defendant, and the plaintiff be injured by it, it is the subject of an action of trespass vi et armis. Now, the grievance here, was not the issuing of an irregular writ, but its execution, and the imprisonment of the plaintiff: it is simply an action of false imprisonment. It was a misfeazance — a trespass ah initio — the whole proceeding unlawful — the act an immediate, and not a consequential prejuice; for the imprisonment is the ground of action, and not laid by way of aggravation. I cannot see the application of the doctrine of actions on statutes to such a case as this. If it had been, as was the case of Wilt, an abuse, a malicious and oppressive abuse of regular process, case would have been the proper remedy; but in that form of action, the motive is always a necessary ingredient. In trespass, ignorance of intention is no justification, though it is a mitigation. If case had been the proper action, the declaration should have stated that the defendant wilfully and maliciously took out the writ; and in this kind of action, the distinction is this, — that where the immediate act of imprisonment proceeds from the defendant, the action can only be trespass, but where the act of imprisonment is by one party, on the information of another, there an action on the case is the proper remedy. Here, the act of imprisonment is alleged to have been by the procurement and command of the defendant. It is stated in the declaration, that the execution was illegally obtained by the defendant, and the false imprisonment by his procurement. The act of imprisonment was by the defendant solely, — for the sheriff was bound to obey the writ. It was the duty of the plaintiff to inform himself, whether the defendant in the execution had not sufficient real or personal property to satisfy the debt. The plaintiff acted at his peril in this particular. The capias ad satisfaciendum, if he has estate suf-cient, is irregular, and where a judgment is vacated for irregularity the plaintiff is not justified for the imprisonment, under colour of the execution on such judgment, while it remains in force, though the officer would, if he justified separately. If the judgment had been reversed for error, both officer and party would have been; for then the error was the act of the court. Philips v. Biron, 1 Sir. 509. The first is the fault of the party, the other is the error of the court; and, in the first case, trespass would lie against the party, but not the officer. The officer is discharged, because the court had general jurisdiction; but the plaintiff, who set the sheriff on, cannot justify. Britton v. Cole, 12 Mod. 178. Turner v. Lidgate, 1 Lev. 95. 1 Sid. 272. Sir T. Raym. 73. And the court, in Perkin v. Proctor, 2 Wils. 385, said, though these decisions had been sometimes grumbled at, yet they are good law. *213 If the action had been trespass, the defendant would have justified under the execution, and then the question would have been, whether he had taken out an irregular writ ? The defendant having a sufficient estate, the law prohibits the plaintiff from taking out a capias ad satisfaciendum; he had therefore been imprisoned against law. An action for false imprisonment, could be maintained against somebody; it could not against the officer, who was bound to obey his writ: it therefore lies, unquestionably, against the present defendant. I hold these principles to be incontrovertible, and Allison v. Rheam, 3 Serg. & Rawle, 141, decided this very case; for when the court decided that trespass would lie, they decided that case would not; for it is clear that the plaintiff could not have his chance of actions for this injury. It is the duty of courts to preserve the forms of action, and not permit them to be converted by the innovation of parties; and when one has a clear remedy by a prescribed writ in the register, he shall not be permitted, to resort to an action on the case; for the special action on the case was introduced for this reason aloné, that the common law will not suffer an injury or a damage without a remedy. Willes, 581.
The quo animo is the gist of the action in case, but not so in trespass; therefore the remedy for malicious abuse of regular process, is action on the case: the execution of irregular process is by action of trespass against the party. 1 Chitty on Pl. 136. 3 Com. 43. The opinion of the District Court was right in deciding that trespass was the only remedy in this case, and the judgment stands affirmed.
Judgment affirmed.